IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASMINE FRANK,[1] | § | |
| | § | No. 74, 2024 |
| Petitioner/Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN13-01403 |
| DREW RYAN, | § | Petition Nos. 23-02829 |
| | § | 23-03427 |
| Petitioner/Respondent Below, | § | 23-08775 |
| Appellee. | § | |

Submitted: November 8, 2024
Decided: December 9, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After careful consideration of the opening brief and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's order dated January 29, 2024, deciding the parties' cross-petitions seeking to modify the custody, residential, and visitation arrangements for the parties' children and denying the appellant's petition seeking a contempt finding against the appellee. Factual findings will not be disturbed on appeal unless they are clearly erroneous, and when the determination of facts turns on a question of the credibility of the witnesses appearing before the trial court, we will not substitute our opinion

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

for that of the trier of fact.[2]  The Family Court acted within its broad discretion to weigh the best-interest factors when deciding where the children would primarily reside and in determining the contact schedule.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[2] *Holmes v. Grant*, 2023 WL 2768914 (Del. Apr. 3, 2023).

[3] *See Roberts v. Roberts*, 2019 WL 2205901, at *1 (Del. May 21, 2019) ("The Family Court did not abuse its discretion by concluding that the best interest factors set forth in 13 *Del. C.* § 722(a) weighed in favor of maintaining the visitation arrangements set forth in the court's [earlier] order, nor by giving great weight to the wishes of the sixteen-year-old child concerning visitation with her father."); *Russell v. Stevens*, 2007 WL 3215667, at *2-3 (Del. Nov. 1, 2007) (affirming Family Court's decision as to primary residential placement and visitation, and discussing the Family Court's role in deciding the appropriate weight to give each best-interest factor).